### RAUSCH v. WOLF et al.
### Civil Action No. 46 C 1200.

District Court, N. D. Illinois, E. D.
June 11, 1947.

Vincent O'Brien and E. Y. Guthrie, both of Chicago, Ill., for plaintiff.

Andrew D. Collins and John Neal Campbell, both of Chicago, Ill., for defendants.

BARNES, District Judge. (Orally)

This is an action by the plaintiff to recover unpaid overtime compensation for the period from and including the month of December, 1940, to and including the month of September, 1944.

■ The defenses are, first, that it does not appear that the plaintiff was employed in interstate commerce, or in the production of goods for commerce while employed by the defendants.

Second, that the plaintiff was employed in a bona fide professional capacity.

Third, that the payments made were made in good faith in reliance upon rulings by the Administrator.

The Court is of the opinion that the plaintiff while employed by the defendants was engaged in the production of goods for commerce within the meaning of Section 207, Title 29 U.S.C.A.

As to the third defense there is no evidence of any reliance upon rulings by the Administrator.

■ That leaves the second defense.

The question is, was the plaintiff employed in a bona fide professional capacity?

The Administrator in Part 541 of the Official Regulations defines the words "professional capacity."

The Court is of the opinion that the plaintiff during the period in question was engaged in work which complied with all the requirements of that definition of "professional capacity" laid down in Part 541 of the Official Regulations.

The fact is that the principal question in the case and the only substantial question has been whether or not the plaintiff was compensated for his services on a salary or fee basis at a rate of not less than $200 per month.

The parties on the 24th day of August, 1936, entered into a written contract. That contract provided for a salary of $175 per month, payable in semi-monthly installments of eighty-seven dollars and a half. That contract has been offered and received in evidence as Plaintiff's Exhibit 1.

Thereafter the parties entered into another contract, which is undated, but apparently was entered into shortly before January, 1939, which is referred to as "An addenda to your employment contract with Wolf & Company dated August 24, 1936."

That addendum, however, was expressly canceled by another, which bears no date other than 1940, but apparently was entered into shortly before December 1, 1940.

That paper reads as follows:

"Dear Mr. J. J. Rausch

"Effective October 24, 1940 the Wage and Hour Division of the United States Department of Labor issued (under Official Regulations Part 541.2 and 541.3 Section 13-A Federal Fair Labor Standards Act) regulations and definitions in respect to Administrative and Professional Employes which cover our Staff Accountants who receive compensation of not less than $200.00 per month and exempts them from the limitations of the 40-hour week and the provision of time-and-one-half pay for overtime in excess of 40 hours per week.

"Therefore, this agreement is entered into as an addenda to your employment contract dated August 24, 1936 and cancels the former addenda entered into under the Wage and Hour Law.

"Your established Bonus rate is $12.00 per day for each day of productive time billed to clients, or an hourly rate of $1.714 on the basis of a 7 hour day.

"Effective December 1, 1940, your account will be credited with $1.72 for each hour of your productive time billed to clients. Your established drawing account of $250.00 per month will be paid in semimonthly installments of $125.00 and charged to your account.

"If at the close of the month, the amount credited for production exceeds the drawing account, the excess will be paid to you. If a deficit results, the debit is not to be carried forward to succeeding months except in cases of vacations and time off for illness or special leave in which cases the deficit will be carried forward awaiting future bonus credits.

"Kindly acknowledge your understanding of this agreement in the space provided below.

        "Yours truly,

                "Wolf and Company"

Subsequently there were a number of modifications of the contract, which were evidenced by five cards which were signed by Mr. Rausch and by the District Manager of the defendant and somebody upon behalf of the General Office. These cards have been offered and received in evidence as Plaintiff's Exhibits 4, 5, 6, 7 and 8.

Apparently the only effect on the employes evidenced by those cards was a change of hourly rate, and an increase of it in each case. Transcripts of portions of the books of the defendant have been offered and received in evidence covering the period from December, 1940, to September, 1944. Those portions show that during each of the months during that period—other than three months—the earnings of the plaintiff were in excess of $250 a month, and those larger sums were paid to him.

During three months of that period from December, 1940, to September, 1944, the earnings of the plaintiff were less than $250, and the sum of $250 was paid to him in each of those three months.

The plaintiff points out that the mere fact that during each of the months in this period from December, 1940, to September, 1944, not less than the sum of $250 was paid to the plaintiff, does not answer the question as to whether or not he had a guaranteed salary at a rate of not less than $200 a month. And that is true, it does not; it does not answer that question.

But the Court is of the opinion that the so-called addenda, Plaintiff's Exhibit 3, does answer the question.

As has been observed, that modification of the contract provides as follows:

"Effective December 1, 1940, your account will be credited with $1.72 for each hour of your productive time billed to clients. Your established drawing account of $250 per month will be paid in semimonthly installments of $125 and charged to your account. If at the close of the month your credit for production exceeds the drawing account the excess will be paid to you. If a deficit results, the debit is not to be carried forward to succeeding months except in cases of vacations and time off for illness or special leave, in which cases the deficit will be carried forward awaiting future Bonus credits."

Now, the words which I think are decisive of this case are these, "awaiting future Bonus credits".

I think the defect in the argument of the plaintiff is that he confuses the method of measuring the deficit with the source of its payment. True enough, the deficit is meas-

ured by multiplying the number of productive hours in a month by the hourly rate, and if that product is less than $250 then there is a deficit. But that deficit while measured by deducting that product from the $250 is not in fact deducted from there and it is not paid out of any bonus either that month or any time thereafter; it is only paid out of future bonus credits. And of course it could never be paid unless there were future bonus credits.

Plaintiff says that under this so-called addenda, Plaintiff's Exhibit 3, deficits can be built up by means of enforced vacations or long periods of sickness. But even if the plaintiff had had any periods of enforced vacations, and there is no evidence of any, and even if he had had any periods of sickness, as long as the defendants kept the plaintiff in their employ they were bound to pay him $250 a month without deductions, and those deficits which might under the assumed facts have been built up by enforced vacations or by long periods of sickness would only have been paid out of future bonus credits and never out of the drawing account.

So I say the defect in the argument of the plaintiff is that he confuses the method of measuring the deficit with the source of its payment.

The Court is of the opinion that during the period in question Mr. Rausch had a guaranteed salary of not less than $250 a month; that he was a professional employe, and that he is not entitled to recover in this case.

Counsel for defendants may prepare, and within a short day (I hope) present drafts of Findings of Fact, Conclsuions of Law and a judgment order not inconsistent with what the Court has stated.

Findings of Fact and Conclusions of Law.

The above action came on for trial upon the pleadings consisting of the plaintiff's amended complaint, the answer and the supplemental answer of the defendants thereto and was submitted for decision and judgment on the pleadings and the testimony of witnesses taken in open court. The action was tried before the undersigned Judge of the above-named Court upon June 10 & 11, 1947, at Chicago, Illinois, without a jury, a jury having been expressly waived.

After hearing the evidence adduced and the argument of counsel and being fully advised in the premises, the Court makes the following Findings of Fact, Conclusions of Law and Judgment Order in favor of the defendants, Harry H. Wolf, individually and as surviving partner of Wolf & Company, George D. Wolf, Jr., individually and as surviving partner of Wolf & Company, Harry H. Wolf and George D. Wolf, Jr., individually and as co-partners d/b/a Wolf & Company:

Findings of Fact.

I. That plaintiff herein is a resident of the City of Chicago, State of Illinois and during the period covered by this action was an employee of defendants.

II. That defendants, during the period covered by this suit, were co-partners in the firm of Wolf and Company, certified public accountants and maintained an office in Chicago, Illinois and offices in other cities of other states.

III. That, at all times covered by this suit, plaintiff was a Certified Public Accountant and employed as a Staff Accountant by the defendants who also were certified public accountants; the principal work performed by him for defendants during said period consisted of the following duties, viz.: of auditing books of defendants' clients with offices and plants located both within and without the State of Illinois (some of which were engaged in interstate commerce or in the production of goods for interstate commerce); of auditing and examining clients' records, books and other documents in order to determine whether State and Federal laws had been complied with; of preparing Federal and State Tax Returns and Securities and Exchange Commission Reports for clients; of handling accounting matters connected with recapitalization of corporate clients; of preparing reports to stockholders, balance sheets and other financial statements and documents for clients, which reports, in some instances, were sent from State to State.

IV. That on August 24, 1936, plaintiff and defendants entered into a written con-

tract which, among other things, designated a salary of One Hundred Seventy-Five ($175) Dollars per month, payable in semi-monthly installments of Eighty-Seven and 50/100 ($87.50) Dollars, and further provided that a change in compensation should in no manner cancel or otherwise affect the other provisions contained therein and that said contract should continue in full force and effect as though the compensation agreed upon were originally set out in said agreement.

V. That plaintiff and defendants entered into a supplement to the contract aforesaid shortly before January 1939, which is referred to as an addenda to employment contract with Wolf and Company dated August 24, 1936.

Said addenda was expressly cancelled by another reading as follows:

"Dear Mr. J. J. Rausch

"Effective October 24, 1940 the Wage and Hour Division of the United States Department of Labor issued (under Official Regulations Part 541.2 and 541.3 Section 13-A Federal Fair Labor Standards Act) regulations and definitions in respect to Administrative and Professional Employes which cover our Staff Accountants who receive compensation of not less than $200.00 per month and exempts them from the limitations of the 40-hour week and the provision of time-and-one-half pay for overtime in excess of 40 hours per week.

"Therefore, this agreement is entered into as an addenda to your employment contract dated August 24, 1936 and cancels the former addenda entered into under the Wage and Hour Law.

"Your established Bonus rate is $12.00 per day for each day of productive time billed to clients, or an hourly rate of $1.-714 on the basis of a 7 hour day.

"Effective December 1, 1940, your account will be credited with $1.72 for each hour of your productive time billed to clients. Your established drawing account of $250.00 per month will be paid in semi-monthly installments of $125.00 and charged to your account.

"If at the close of the month, the amount credited for production exceeds the drawing account, the excess will be paid to you.

If a deficit results, the debit is not to be carried forward to succeeding months except in cases of vacations and time off for illness or special leave in which cases the deficit will be carried forward awaiting future bonus credits.

"Kindly acknowledge your understanding of this agreement in the space provided below.

"Yours truly,

"Wolf & Company
"F. H. Sumner

"Agreed: J. J. Rausch

"Dated at Chicago, Illinois, Dec. 11, 1940"

VI. That subsequent thereto a number of modifications of the contract were made and evidenced by five (5) cards signed by the plaintiff and the defendants.

VII. That the only effect upon plaintiff evidenced by the cards in question was a change increasing bonus rate.

VIII. That plaintiff, at all times covered by this suit, was guaranteed by the defendants a salary of not less than Two Hundred Fifty ($250) Dollars per month and during all of said time was employed by defendants in a bona fide professional capacity and in consequence is not entitled to a recovery in this lawsuit.

IX. That, in addition to plaintiff's guaranteed salary of Two Hundred Fifty ($250) Dollars per month, defendants promised, at all times covered by this suit, to pay to plaintiff an incentive bonus to be computed by multiplying the agreed incentive bonus rate by the number of productive hours worked by the plaintiff and billed to defendants' clients. If the resulting bonus computation amounted to less than Two Hundred Fifty ($250) Dollars in any one month, the plaintiff was paid the full sum of guaranteed salary in the amount of Two Hundred Fifty ($250) Dollars per month and the bonus deficit was disregarded for all purposes, except when caused by vacations, time off for illness, or special leave, in which cases the bonus deficit was to be carried forward awaiting future bonus credits and to be charged only against said future bonus credits.

X. That payments of salary and bonus were not made by defendants to plaintiff in reliance upon any ruling obtained by de-

fendants from the Administrator of the Wage and Hour Division of the United States Department of Labor.

### Conclusions of Law.

1. That this Court has jurisdiction of the parties hereto and the subject matter hereof.

2. That plaintiff, J. J. Rausch, during the period covered by this suit, was employed by defendants in the production of goods for commerce within the meaning of the provisions of the Fair Labor Standards Act of 1938.

3. That plaintiff, J. J. Rausch, was, at all times during the period covered by this suit, exempt from the provisions of Sections 206 and 207, Title 29 U.S.C.A., as a bona fide professional employee, as said term was defined and delimited by the Administrator, 29 Code Fed.Reg. Ch. 5, part 541.3.

4. That the provisions of the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 251 et seq., do not constitute a defense to plaintiff's claim as set forth in his amended complaint, or to any portion thereof.

5. That plaintiff is not entitled to recover in this action.